# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAWSAN WARDA, and MAJID M. TOMA,<br><br>Plaintiffs,<br>v.<br>SANTEE APARTMENTS LP,<br><br>Defendant. | CASE NO. 17cv648-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 3) filed by Plaintiffs Majid M. Toma and Sawsan Warda ("Plaintiffs") and the Motion to Dissolve the Temporary Restraining Order and Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 8) filed by Defendant Santee Apartments LP ("Defendant").

**I. Introduction**

On March 30, 2017, Plaintiffs initiated this action by filing a Complaint (ECF No. 1), a motion for leave to proceed in forma pauperis (ECF No. 2), and the Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 3). On March 30, 2017, the Court issued an order granting Plaintiffs' motion for leave to proceed in forma pauperis. (ECF No. 4).

In their Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction, Plaintiffs contend that if the Court did not grant injunctive relief

preventing Defendant from enforcing a lockout "against Plaintiffs based on a default judgment in an Unlawful Detainer action[,]" Plaintiffs would suffer irreparable harm by "be[ing] denied the opportunity . . . to reside in the community and environment of the[ir] choice." (ECF No. 3 at 1-2, 7). Plaintiffs contend that temporary injunctive relief "is necessary to preserve the status quo so that this Court can make the determination as to whether the intended denial of housing was motivated by discrimination based on disability in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601 *et seq.*, Section 504 of the Rehabilitation Act, and related state laws." *Id.* at 7. Plaintiffs contend that there is a substantial likelihood they will prevail on the merits because Defendant has refused to provide Plaintiffs with a reasonable accommodation and has attempted to remove Plaintiffs from their rental unit "prior to engaging in the interactive process as part of the reasonable accommodation request." *Id.* Plaintiffs contend that "[t]he threatened injury to Plaintiffs far outweighs any potential harm to Defendant" and issuing a temporary restraining order will not harm the public interest. *Id.* at 7-8.

On March 30, 2017, the Court issued an order granting Plaintiffs' request for a temporary restraining order. (ECF No. 6). The Court found that Plaintiffs had "identified immediate and irreparable injury which may result before Defendant can be heard in opposition." *Id.* at 2. The Court found that Plaintiffs had "made an adequate attempt to provide Defendant with notice of this action and the Motion for Temporary Restraining Order prior to any irreparable injury[,]" and found "that Plaintiffs have met the requirements of Rule 65(b)." *Id.* The Court ordered that Defendant "is hereby ENJOINED from taking any actions to prevent Plaintiffs' continuous occupancy of their rental unit, pending further order of this Court." *Id.* at 2-3.

On April 4, 2017, Defendant filed Proof of Service (ECF No. 7) and the Motion to Dissolve the Temporary Restraining Order and Opposition to Plaintiffs' Motion for Preliminary Injunction. (ECF No. 8). On April 5, 2017, Plaintiff filed a reply to Defendant's Motion to Dissolve the Temporary Restraining Order and opposition.

(ECF No. 11). On April 6, 2017, the Court held a hearing regarding the temporary restraining order, where counsel for both parties entered appearances and presented argument to the Court. (ECF No. 12).

**II. Motion to Dissolve the Temporary Restraining Order and Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 8)**

### A. Contentions of the Parties

Defendant contends that this Court is prohibited from entering temporary injunctive relief by the Anti-Injunction Act. Defendant contends that the Anti-Injunction Act "prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." (ECF No. 8 at 11). Defendant contends that the injunction requested by Plaintiffs does not fall into any of the three exceptions to the Anti-Injunction Act. *Id.* at 11-14.

Plaintiffs contend that the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act applies to this case, so that this Court may issue the injunctive relief requested by Plaintiffs. (ECF No. 11 at 3). Plaintiffs contend that another district court has found that courts "can enjoin a state court eviction proceeding where certain important housing rights are in jeopardy of being lost, such as housing subsidized under the low-income Section 8 federal housing assistance program." *Id.* (citing *Sierra v. City of New York*, 528 F. Supp.2d 465, 468 (S.D.N.Y. 2008)). Plaintiffs contend they "are recipients of subsidized housing under the federally funded Low Income Housing Tax Credit Program ("LIHTC")[,]" and "the potential loss of housing subsidized under the LIHTC program is equally as devastating as losing Section 8 housing." *Id.* at 4. Plaintiffs contend that "federal courts do have the authority to enjoin a landlord from denying housing where the 'necessary in aid of its jurisdiction' exception extends to cases where some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case." *Id.* at 3 (citation and quotation marks omitted).

**B. Legal Standards**

Federal Rule of Civil Procedure 65(b)(4) provides that "[o]n 2 days' notice to the party who obtained the [temporary restraining] order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order." Fed. R. Civ. P. 65(b)(4). Upon the filing of a motion to dissolve the temporary restraining order, "[t]he court must . . . hear and decide the motion as promptly as justice requires." *Id.*

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The standard for issuing a preliminary injunction and a temporary restraining order under Rule 65 are the same. *See Quiroga v. Chen*, 735 F. Supp.2d 1226, 1228 (D. Nev. 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions."). "The stringent restrictions imposed by . . . Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438-39 (1974).

The Anti-Injunction Act prevents federal courts from enjoining pending state court proceedings, unless the requested injunction falls within one of the listed exceptions in the statute. The Anti-Injunction Act states that

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Supreme Court has held that "[t]he anti-injunction statute goes back almost to the beginnings of our history as a Nation[,]" and "the consistent

understanding" of the statute "has been that its basic purpose is to prevent needless friction between state and federal courts." *Mitchum v. Foster*, 407 U.S. 225, 231-33 (1972) (citation omitted). "[T]he [Anti-Injunction] Act's core message is one of respect for state courts[; t]he Act broadly commands that those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eg'rs.*, 398 U.S. 281, 282 (1970)).

**C. Anti-Injunction Act**

Courts have concluded that a request to issue an injunction staying an unlawful detainer action in federal court is prohibited by the Anti-Injunction Act. *See, e.g., Gray v. Bakersfield Parks, LP*, Case No. 1:16-cv-01860-LJO-JLT, 2016 WL 7229112, at *2 (E.D. Cal. Dec. 13, 2016) ("Numerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a TRO staying unlawful detainer proceedings in state court."). In this case, Defendant filed an unlawful detainer action against Plaintiffs on January 18, 2017 in the Superior Court of California, County of San Diego. (ECF No. 8-2 at 39-41). On January 31, 2017, the clerk of the Superior Court of California, County of San Diego, issued a default judgment against Plaintiffs. *Id.* at 74-75. The default judgment states that "Santee Apartments, LP . . . is entitled to possession of the premises located at 11059 Woodside Avenue #1, Santee, CA 92071[.]" *Id.* at 75. Counsel for Defendant states in a declaration that the state court denied Plaintiffs' motion to set aside the default on March 29, 2017, and that "Defendant proceeded with the Writ of Possession and lockout occurred on March 30, 2017, prior to the initial hearing on the subject TRO and Motion for Preliminary Injunction." (ECF No. 8-2 at 5; Adkins Decl. at ¶¶ 18-19).

Plaintiffs contend the requested injunction is not barred by the Anti-Injunction Act because "the state court proceeding has been terminated, and this Court directed the injunction solely at Defendant, and not the state court, nor the prior state court proceeding." (ECF No. 11 at 5). However, the Anti-Injunction Act's "mandate extends

not only to injunctions affecting pending proceedings, but also to injunctions against the *execution or enforcement of state judgments.*" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (emphasis added). Accordingly, the Anti-Injunction Act bars a federal court from issuing an injunction of the writ of possession arising from a state unlawful detainer action. *See id.* ("An injunction may not be used to evade the dictates of the [Anti-Injunction] Act if the injunction effectively blocks a state court judgment."). The Court concludes that the Anti-Injunction Act prohibits this Court from issuing an injunction to prevent the enforcement of the default judgment and writ of possession contained in the default judgment entered by the clerk of the Superior Court of California, County of San Diego on January 31, 2017 (ECF No. 8-2 at 74-75) – unless an exception to the Anti-Injunction Act applies to the injunction requested by Plaintiffs.

The Anti-Injunction Act presents "an absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line*, 398 U.S. at 286. The Court of Appeals has found that "the exceptions to the Anti–Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

### i. First Exception: Expressly Authorized by Congress

Under the first exception to the Anti-Injunction Act, the federal court may grant an injunction to stay a state court proceeding "as expressly authorized by Act of Congress[.]" 28 U.S.C. § 2283. In *Mitchum v. Foster*, the Supreme Court considered whether 42 U.S.C. § 1983 fell under the first exception to the Anti-Injunction Act. 407 U.S. at 236-37. The Supreme Court held that "a federal law need not expressly authorize an injunction of a state court proceeding in order to qualify as an exception." *Id.* at 237. Rather, the test to determine whether the first exception applies "is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal

court of equity, could be given its intended scope only by the stay of a state court proceeding." *Id.* at 238. After determining that the legislative history of 42 U.S.C. § 1983 demonstrated the statute's purpose was to allow "the federal courts . . . to protect the people from unconstitutional action under color of state law," the Supreme Court concluded that the statute "f[ell] within the 'expressly authorized' exception of" the Anti-Injunction Act. *Id.* at 242-43.

However, the Fair Housing Act does not satisfy the first exception to the Anti-Injunction Act when a plaintiff seeks to enjoin a state court unlawful detainer action because the Fair Housing Act is not a federal statute that "could be given its intended scope only by the stay of a state court proceeding." *Id.* at 238. *See Gray*, 2016 WL 7229112, at *3 (finding the first exception to the Anti-Injunction Act did not apply because "it is not at all clear that the Fair Housing Act 'could be given its intended scope only by the stay of a state court proceeding'") (quoting *Mitchum*, 407 U.S. at 238). The first exception has been found to not apply to the Fair Housing Act because the statute can be enforced in both state and federal courts. *See id.* at *2; 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action [under the Fair Housing Act] in an appropriate United States district court or State court"). Given that Plaintiffs' Fair Housing Act claim is enforceable in both state and federal court, the Court finds that the first exception to the Anti-Injunction Act is inapplicable to the injunction requested by Plaintiffs to prevent the enforcement of the default judgment and writ of possession contained in the default judgment entered by the clerk of the Superior Court of California, County of San Diego on January 31, 2017 (ECF No. 8-2 at 74-75).[1] *See also Sierra*, 528 F. Supp.2d at 468 ("Since the Fair Housing Act is expressly enforceable in both state and federal courts, no stay of a state action is required to secure its intended scope, and consequently the first exception to the

---

[1] Plaintiffs have not identified – and the Court has been unable to locate – any precedent holding that Plaintiffs' other federal claim brought under Section 504 of the federal Rehabilitation Act of 1973, 29 U.S.C. §794 falls within any exception to the Anti-Injunction Act.

Anti–Injunction Act is here inapplicable.").

### ii. Second Exception: Necessary in Aid of its Jurisdiction

Under the second exception to the Anti-Injunction Act, a federal court may issue an injunction of state court proceedings when "necessary in aid of [the federal court's] jurisdiction[.]" 28 U.S.C. § 2283. The Court of Appeals has stated that "the necessary-in-aid-of-jurisdiction exception applies to *in rem* proceedings where the federal court has jurisdiction over the res and the state court proceedings might interfere with that." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008). This exception has also been applied in federal *in rem* proceedings where a subsequent state court proceeding could interfere with previous federal court jurisdiction over a *res*, and in cases involving advanced federal *in personam* litigation or when a case is removed from state court. *See Le v. 1st Nat. Lending Servs.*, No. 13–CV–01344–LHK, 2013 WL 2555556, at *2 (N.D. Cal. June 7, 2013). The Supreme Court held that this exception is satisfied, along with the related third exception to the Anti-Injunction Act discussed below, when "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line*, 398 U.S. at 295.

Plaintiffs rely on *Sierra v. City of New York* and two other district court decisions to demonstrate that the second exception to the Anti-Injunction Act applies to this matter, such that the Court may issue an injunction to prevent the enforcement of the default judgment and writ of possession contained in the default judgment entered by the clerk of the Superior Court of California, County of San Diego on January 31, 2017 (ECF No. 8-2 at 74-75). In *Sierra*, a New York district court stated that

> [s]ome courts . . . have taken the view that the exception extends beyond *in rem* cases to cases that, while technically *in personam*, are analogous to *in rem* cases, or, even more broadly, to cases where some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case[.]

528 F. Supp.2d at 468. The court in *Sierra* highlighted two district court cases where courts took a "broader interpretation of the" second exception to the Anti-Injunction Act, and issued injunctions to state court housing proceedings. *Id.* (citing *McNeill v. N.Y. City Hous. Auth.*, 719 F. Supp. 233 (S.D.N.Y. 1989); *Lattimore v. Nw. Co-op Homes Ass'n*, No. Civ.A. 90–0049 RCL, 1990 WL 10521534 (D. D.C. Mar. 26, 1990)). However, the *Sierra* court observed that in both *McNeill* and *Lattimore*, those district courts applied the second exception to the Anti-Injunction Act because "the plaintiffs were unable to raise their federal claims in the state court proceedings they sought to enjoin." *Id.*

In *McNeill*, the court found the second exception did not apply because the plaintiffs "ha[d] been terminated from the Section 8 program due to circumstances beyond their control without adequate notice and without any opportunity to challenge termination" in the state court proceeding. 719 F. Supp. at 256. The court found that "[u]nless eviction proceedings are stayed long enough to adjudicate plaintiffs' alleged right to retroactive reinstatement in the Section 8 program, plaintiffs will be evicted before this case can be decided." *Id.* However, the court found that the plaintiffs did not have the opportunity to challenge the termination of their Section 8 status because the state court where the plaintiffs were being sued for eviction did "not have jurisdiction to adjudicate plaintiffs' claims for retroactive reinstatement of their Section 8 assistance; nor d[id] it have power to issue relief on those claims." *Id.* at 241, 255-56. Because the state court eviction proceeding "d[id] not give plaintiffs an adequate forum to challenge the termination of their Section 8 assistance[,]" the court found that "the 'in aid of jurisdiction' exception to the Anti-Injunction Act applie[d]" to the plaintiffs' requested injunction – and the court issued a preliminary injunction staying the state court proceedings. *Id.* at 256, 256 n.29.

Similarly, in *Lattimore*, the plaintiff sought a preliminary injunction staying a state court eviction proceeding. 1990 WL 10521534, at *1, *7. The court found that the second exception to the Anti-Injunction Act applied to the proposed injunction

because the plaintiff was prohibited from raising the claims that she brought in federal court "as a defense to the eviction proceeding in [the state] Superior Court because, under the rules of the Landlord and Tenant Branch, only an equitable defense of recoupment or set-off, or a counterclaim for a money judgment based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises may be claimed as a defense." *Id.* at *4. The court concluded that the second exception applied and issued a preliminary injunction staying the state court eviction proceeding because it found that the state court "was not able to consider what seems to be the heart of the plaintiff's case." *Id.* at *5, *7.

By contrast, Plaintiffs have not presented evidence that they were unable to present any of their claims in the state court unlawful detainer action. In particular, Plaintiffs were permitted to bring their Fair Housing Act claim in the state court unlawful detainer action as an affirmative defense. *See Gray*, 2016 WL 7229112, at *3 ("The Fair Housing Act can be raised as a defense in a California unlawful detainer action"); *Thomas v. Hous. Auth of the Cty. of Los Angeles*, No. CV 04–6970 MMM (RCx), 2005 WL 6136432, at *3 (C.D. Cal. June 3, 2005) (raising Fair Housing Act affirmative defense to California state court unlawful detainer action); *Sierra*, 528 F. Supp.2d at 468 (finding the plaintiff could raise her "Fair Housing Act [claim] as an affirmative defense to the eviction proceeding" under New York law). Unlike the plaintiffs in *McNeill* and *Lattimore*, Plaintiffs were not "unable to raise their federal claims in the state court proceedings they s[eek] to enjoin[.]" *Sierra*, 528 F. Supp.2d at 468. The Court finds that the second exception to the Anti-Injunction Act does not apply to the injunction requested by Plaintiffs to prevent the enforcement of the default judgment and writ of possession contained in the default judgment entered by the clerk of the Superior Court of California, County of San Diego on January 31, 2017 (ECF No. 8-2 at 74-75). *See also Gray*, 2016 WL 7229112, at *3 (finding that the second "exception does not apply to stay unlawful detainer actions, especially previously filed state court actions" and that the "exception is inapplicable here, where Plaintiff seeks

to enjoin a previously filed state court unlawful detainer action."); *Le*, 2013 WL 2555556, at *2 ("[C]ourts have repeatedly found that" the second "exception does not apply to stay unlawful detainer actions, especially previously filed state court actions.").

### iii. Third Exception: Protect the Federal Court's Judgments

Under the third exception to the Anti-Injunction Act, "a federal court [may] enjoin a state proceeding only in rare cases, when necessary to 'protect or effectuate [the federal court's] judgments.'" *Smith*, 564 U.S. at 302 (quoting 28 U.S.C. § 2283). The third exception, or the 'relitigation' exception, "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Id.* at 306 (citation and quotation marks omitted). This exception is inapplicable to the circumstances of this case because this Court has not rendered any judgment. *See Le*, 2013 WL 2555556, at *2 (finding the third exception did not apply to a request to stay a state court unlawful detainer proceedings because the federal "[c]ourt has yet to reach any judgment in this case."). As there is no other "former federal adjudication" of Plaintiff's claims, the third 'relitigation' exception is inapplicable to the injunction requested by Plaintiffs to prevent the enforcement of the default judgment and writ of possession contained in the default judgment entered by the clerk of the Superior Court of California, County of San Diego on January 31, 2017 (ECF No. 8-2 at 74-75). *Smith*, 564 U.S. at 318.

## IV. Conclusion

The Court concludes that none of the three exceptions to the Anti-Injunction Act apply to the injunction requested by Plaintiffs in their Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction (ECF No. 3) and their reply to Defendant's Motion to Dissolve the Temporary Restraining Order and opposition (ECF No. 11). Therefore, the Court is prohibited by the Anti-Injunction Act from issuing an injunction to prevent the enforcement of the default judgment and writ of possession contained in the default judgment entered by the clerk of the Superior Court of California, County of San Diego on January 31, 2017 (ECF No. 8-2 at 74-75).

IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 65(b)(4), Defendant's Motion to Dissolve the Temporary Restraining Order (ECF No. 8) is granted. The temporary restraining order entered by this Court on March 30, 2017 (ECF No. 6) is hereby DISSOLVED.

DATED: April 11, 2017

**WILLIAM Q. HAYES**
United States District Judge